IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:06-CV-1892-RBP-TMP |
| ) | |
| WARDEN DARRYL DREW, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On September 21, 2006, Jeffrey Ross filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241, asserting that the United States Bureau of Prisons ("BOP") improperly calculated his sentence by failing to award him credit toward his 2003 federal sentence for the period from June 8, 2000, to February 25, 2002. Petitioner is imprisoned at the Federal Correctional Institution at Leavenworth, Kansas[1].

## PROCEDURAL HISTORY

Petitioner is serving a 92-month term of incarceration he received on June 10, 2003, in the United States District Court for the Eastern District of Tennessee, Case No. 3:02-CR-078-00019, for possession with intent to distribute a controlled substance containing a detectable amount of cocaine base ("the 2003 sentence"). Petitioner was arrested on June 8, 2000, pursuant to a state probation violation warrant. During the arrest, the Knoxville Police Department discovered 9.0

---

[1] Venue is proper because petitioner was incarcerated at the Federal Correctional Institution at Talladega, Alabama, within this district, at the time the petition was filed.

grams of cocaine base or "crack" cocaine. This discovery of cocaine was the basis of the 2003 sentence. Petitioner's state probation was revoked on June 29, 2000, and the seven-year state term imposed on June 8, 1999 ("the 1999 sentence") went into effect. Although in state custody, a federal drug offense ("the 2003 sentence") remained pending against petitioner lodged as a detainer until his release from state prison.

On February 25, 2002, petitioner was paroled from the 1999 sentence by the Tennessee Department of Corrections ("TDOC") to a Knox County Sheriff's detainer, and held on local charges. Following the dismissal of the Knox County charges, petitioner was taken into U.S. Marshal custody on August 23, 2002, on the detainer previously lodged, to await trial on the cocaine charge ("the 2003 sentence").

On June 10, 2003, petitioner was sentenced to 92-months by the United States District Court, Eastern District of Tennessee. The court ordered the 92-month term "to be served concurrent with the state sentence on which defendant is currently serving." However, as petitioner had already completed all state sentences and had no state charges pending, there was no state sentence with which his federal sentence could be concurrent. The BOP credited petitioner for his time spent in custody for the period of February 25, 2002, (date of parole from TDOC) through June 9, 2002 (date prior to imposition of the federal sentence), a total of 469 days.

On September 28, 2006, petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, asserting that the BOP improperly denied him credit on the 2003 federal sentence for the time spent from his arrest on the state probation violation warrant until the date he was paroled by the TDOC, June 8, 2000, to February 25, 2002. Petitioner initiated the instant action after exhausting his prison administrative remedies. Pursuant to the court's order to

show cause, the Government filed a response on December 18, 2006, supported by exhibits, asserting that petitioner's claims are due to be dismissed.

## CALCULATION OF SENTENCE

The sole issue presented in this case is whether the BOP's decision to deny petitioner credit toward his 2003 federal sentence for the time served from June 8, 2000, until February 25, 2002, violated his constitutional rights. Respondent has argued that the time was properly credited in accordance with 18 U.S.C. § 3585(b), and that petitioner is not entitled to "double credit" for the time served.

It is well settled that the power to calculate a sentence and grant or deny jail credit lies with the BOP and not with the courts. See, e.g., United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); United States v. Jenkins, 38 F.3d 1143 (10th Cir. 1994). Once the BOP has reached a determination and petitioner has exhausted his administrative remedies, petitioner may seek judicial review of the BOP computation by filing a petition for writ of *habeas corpus*. See, e.g., United States v. Mitchell, 845 F.2d 951 (11th Cir. 1988).[2]

The BOP's authority to grant credit for time served prior to the date of sentencing derives from 18 U.S.C. § 3585(b), which provides:

> **(b) Credit for prior custody**. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> **(1)** as a result of the offense for which the sentence was imposed; or

---

[2] There is no dispute that petitioner has exhausted his administrative remedies.

>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Petitioner contends that under § 3585(b) he should receive credit toward his 2003 sentence because the district court ordered his 2003 sentence to run concurrent with the state sentence he was currently serving (even though petitioner had completed all his state sentences and had no state charges pending). Petitioner asserts that he is entitled to credit toward the 2003 sentence for all pre-sentence incarceration regardless of whether it already was credited against his state sentence. This contention is without merit.

The Supreme Court has made it clear that the congressional intent behind § 3585(b) was to ensure that defendants do not receive "double credit" for time spent in custody. Wilson, 503 at 337. The credit that petitioner seeks is not authorized by 18 U.S.C. § 3585(b). "Therefore, where [petitioner] has asked this court to grant pre-custody credit toward his federal sentence for time that was already credited to his state sentences, the Court will deny the petition on the grounds that petitioner's request is clearly barred by the operation of 18 U.S.C. § 3583(b)." Coleman v. Miner, 2005 U.S. Dist. LEXIS 35551, *20 (D. N.J. 2005). Additionally, the Eleventh Circuit Court of Appeals recently commented:

> Where a convicted federal prisoner claims credit for time served in a state jail or prison, however, the burden is on the prisoner to establish that the state confinement "was exclusively the product of such action by Federal law-enforcement officials." United States v. Harris, 876 F.2d 1502, 1506-07 (11th Cir. 1989). Moreover, prisoners should not be given double credit for non-concurrent sentences. See Lipscomb v. Clark, 468 F.2d 1321, 1323-24 (5th Cir. 1972) (explaining that prisoner had received all the credit to which he was entitled because, where the execution of the prisoner's warrant merely had been

>interrupted by another sentence, giving full credit for this period of incarceration on both non-concurrent sentences "would be double counting against the government"); see also United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982) (noting that, despite the Attorney General's authority to give credit for pretrial custody, sentencing judges were cautioned to avoid "double credit").

Hegney v. Holder, 177 Fed. Appx. 901, 904 (11th Cir. 2006).

The time petitioner was in state custody from June 8, 2000, to June 28, 2000, was credited toward his 1999 state sentence, which was reinstated as a result of his probation violation. "Because the entire period between [petitioner's] arrest and the date his federal sentence commenced was spent in service of his state [probation] violator term, the BOP could not credit [petitioner's] federal sentence with any of that time." Bailey v. Nash, 134 Fed. Appx. 503, 507 (3rd Cir. 2005). To do otherwise would allow petitioner to double count credit. "The Supreme Court made it clear that inmates are not allowed to 'double count' credit." Coleman v. Miner, 2005 U.S. Dist. LEXIS 35551, *15 (D. N.J. 2005)(citing Wilson, 503 U.S. 329 (1992)).

Moreover, during the period from June 29, 2000, until February, 25, 2002, the petitioner was serving time in state prison under his 1999 sentence which had been revoked due to his probation violation. Therefore, petitioner is not entitled to credit for that period of time. Short v. Revell, 152 Fed. Appx. 542, 544 (7th Cir. 2005)(". . . [T]he BOP cannot give credit for any period of pre-sentence custody that has already been credited against another sentence. . .").

Petitioner erroneously asserts that, because the court ordered his 2003 sentence concurrent with his state sentence,[3] the BOP is required to apply pre-incarceration credit to both. ". . . [A]

---

[3] Petitioner contends that the court intended his federal sentence to run concurrently with the state sentence he previously completed. The court ordered the petitioner's federal sentence to run concurrently with the state sentence he was currently serving. However, the petitioner had already completed all state sentences at the time the federal sentence was imposed.

5

concurrent sentence cannot be ordered to run with a sentence that has been completely discharged." Bianco v. Minor, 2003 U.S. Dist. LEXIS 12596, *20 (M.D. Penn. 2003)(citing United States v. Labielle-Soto, 163 F.3d 93, 99 (M.D. Penn. 2003)).  There was nothing for petitioner's 2003 federal sentence to run concurrent with.

Petitioner next argues that the district court applied U.S.S.G. § 5G1.3 in sentencing him and elected to sentence him to a 92-month concurrent sentence "less the time that [petitioner] has spent in detention on his state sentence. . ." Petitioner's Reply, p. 7.  There is no evidence to support this claim.  The district court is not authorized to order a concurrent sentence to run with a state sentence that has already been completed.  Bianco, 2003 U.S. Dist. LEXIS 12596, *20 (M.D. Penn. 2003). Further, there is no indication that the court intended to sentence petitioner to 92 months less the period from June 8, 2000, to February 25, 2002.  Even if the court had intended such, it would be in direct conflict with § 3585(b).

Petitioner's constitutional rights were not violated, because he received the credit he was due. The plain language and meaning of § 3585(b) prohibits "double credit".  Accordingly, ". . . BOP officials acted within their power in determining that since [petitioner's] time in the state prison already counted toward his state sentence, it should not be permitted to count for his federal sentence as well."  Blaylock v. Bezy, 188 Fed. Appx. 492, 493 (7th Cir. 2006).

## CONCLUSION

For the reasons stated above, the petition for writ of *habeas corpus* is due to be denied and the petition is due to be dismissed with prejudice.  A separate order dismissing the petition will be entered herewith.

      The Clerk is DIRECTED to mail a copy of this Memorandum Opinion and the Order entered herewith to the petition at his most recent address.

      DONE this 30th day of October, 2007.

*/s/ Robert B. Propst*

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE